# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00218-CR

---

**Aaron Riley, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 9 OF TRAVIS COUNTY
### NO. C-1-CR-20-400695, THE HONORABLE KIM WILLIAMS, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

A jury convicted appellant Aaron Riley of the misdemeanor offense of violation of a protective order. *See* Tex. Penal Code 25.07(a)(2)(C). Punishment was before the trial court, which sentenced Riley to 364 days in the Travis County Jail. This appeal followed.

Riley's court-appointed counsel on appeal has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See id*. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). Counsel has certified to this Court that she has provided Riley with a copy of the motion and brief, advised him of his right to examine the appellate record and file a pro se response, and supplied him with a form motion for pro se access to the appellate record. *See Kelly v. State*,

436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). No pro se brief or other response has been filed.

Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). The record reflects that Heather Boyett, Riley's ex-girlfriend, applied for a protective order against Riley in December 2018. At trial, Boyett testified that she and Riley had dated "[o]ff and on between 2016 and 2018" and that after their relationship ended, Riley had "continued contact" with her, which Boyett eventually "couldn't handle . . . on [her] own."[1] A temporary ex parte protective order, filed under the authority of Chapter 83 of the Texas Family Code, *see* Tex. Fam. Code §§ 83.001, .002, was issued on December 28, 2018, was extended on January 11, 2019, and expired on January 28, 2019. The order prohibited Riley from, among other things, communicating or attempting to communicate with Boyett "in any manner whatsoever except through attorneys."

In January 2019, Riley was arrested for a family-violence offense committed against Boyett. As a result of this offense, a second protective order was issued against Riley, this one under the authority of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 17.292. This order, which was issued on January 18, 2019, and expired on March 18, 2019, similarly prohibited Riley from "communicating in any manner" with Boyett except through his attorney. Copies of both this protective order and the temporary ex parte protective

---

[1] In a proffer made by the State outside the presence of the jury, Boyett testified that before she obtained the protective order, Riley had been verbally aggressive and violent with her, including by hitting her head against a car window, trying to enter her locked home and throwing a rock through her window, attempting to force her to have sex with him, threatening to hit her if she did not give him a copy of the key to her home, and threatening to kill her.

2

order were admitted into evidence, and the evidence shows that Riley was served with and had notice of both orders.

The State presented evidence that despite the prohibition against communicating with Boyett, Riley called Boyett from jail, using the jail's recorded telephone system, three times on January 18 and one time on January 19, 2019. According to the system's call log, a copy of which was admitted into evidence, Boyett did not accept or refused the calls on January 18 but accepted Riley's call on January 19. A recording of the approximately ten-minute call was admitted into evidence. On the call, Riley can be heard asking Boyett to tell him where she was, asking her if she wanted to "do lunch or something" "when [he] got out," asking her if she was going to attend his upcoming court hearing, asking her if the State "bribed" her into applying for the protective order, and asking her if he could call her again. This call formed the basis for Riley's conviction.

We have reviewed the record and counsel's brief. We agree with counsel that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. We grant counsel's motion to withdraw and affirm the judgment of conviction.

_____
Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Affirmed

Filed:   December 29, 2022

Do Not Publish

3